FILED

October 12, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 9:33 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| Russell Pindell,<br>      **Employee,** | Docket No.: 2016-08-0093 |
| v. | State File No.: 6066-2016 |
| Upchurch Industrial,<br>      **Employer,** | Judge Jim Umsted |
| And | |
| Creative Risk Insurance Co.,<br>      **Insurance Carrier.** | |

---

## EXPEDITED HEARING ORDER
## DENYING REQUESTED BENEFITS

---

This case came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by the employee, Russell Pindell, under Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is whether the employer, Upchurch Industrial, must provide medical benefits for Mr. Pindell's alleged work-related back injury. The central legal issues are: (1) whether Mr. Pindell sustained a compensable injury arising primarily out of and in the course and scope of his employment with Upchurch Industrial and (2) whether Mr. Pindell is entitled to an evaluation by an authorized physician to determine what additional medical care he requires. For the reasons set forth below, the Court holds Mr. Pindell is unlikely to succeed at a hearing on the merits in proving entitlement to the requested benefits.[1]

### History of Claim

The following facts were established at the Expedited Hearing held on October 5, 2016. Mr. Pindell is a fifty-nine-year-old resident of Shelby County, Tennessee who worked as a welder for Upchurch Industrial for approximately a year. Mr. Pindell claimed he injured his back at work on October 1, 2015, while lifting heavy pipes. He admitted he did not immediately report his injury to Upchurch Industrial and did not note

---

[1] A complete listing of the technical record and exhibits is attached to this Order as an appendix.

a work injury on his timesheet dated October 1, 2015.[2] He testified that instead he reported his injury to his project manager, Brian Grissom, a few days later. He also testified he told his supervisor, Johnny Jones. However, Mr. Grissom and Mr. Jones denied receiving notice from Mr. Pindell of any work injury prior to Mr. Pindell's layoff on October 29, 2015.

Mr. Pindell continued working after his alleged injury until October 19, 2015, when he claims he moved a metal plate at work, causing his pain to become so severe he was no longer able to work. According to Mr. Pindell, he contacted supervisor Bobby May on October 19, 2015, to report his injury. Mr. May testified at the Expedited Hearing that Mr. Pindell advised he could not continue working on October 19, 2015, due to his back. However, according to Mr. May, Mr. Pindell was experiencing pain in his back prior to October 19, 2015, and even came to work in a back brace on the 19th. Furthermore, he stated Mr. Pindell never related his back issues to work.

On October 20, 2015, Mr. Pindell obtained unauthorized medical treatment with Dr. Bola Adamolekun at Wesley Neurology Clinic. The medical records introduced as evidence indicate he advised Dr. Adamolekun his low back symptoms began about a week earlier after lifting heavy equipment at work. Dr. Adamolekun ordered an MRI of Mr. Pindell's lumbar spine and took him off work for a week.[3] The MRI performed on October 27, 2015, showed abnormalities of multiple lumbar interspaces, but Dr. Adamolekun did not relate these to a work incident.

On October 28, 2015, Mr. Pindell contacted Upchurch Industrial to discuss his return to work. Mr. May advised there was no work for him that day.[4] The following day, Mr. Pindell came to the office, and he participated in a meeting with Mr. May and Chris Boswell, a manager with Upchurch Industrial. After this meeting, Upchurch Industrial laid off Mr. Pindell. The Separation Notice, dated October 29, 2015, indicated the layoff resulted from a lack of work.

Mr. Pindell returned for a follow-up appointment with Dr. Adamolekun on November 2, 2015. During that visit, Dr. Adamolekun diagnosed him with lumbago and lumbar spondylosis with radiculopathy. He also prescribed medication, referred Mr. Pindell for pain management, and instructed him to return in one month.

---

[2] Upchurch Industrial employees are required to complete and sign a timesheet each day. On these timesheets, employees document the number of hours worked, and their signatures validate the hours worked and that they were not involved in any accidents at work that day. Mr. Pindell explained he did not note his injury on his October 1, 2015 timesheet because he did not know how serious the injury was and understood he would only receive minimum wage for his work if he did not sign the timesheet.

[3] Mr. May admitted receiving the work status report taking Mr. Pindell off work, but the report did not relate the injury to work.

[4] Mr. May testified he offered Mr. Pindell a pipefitting position on October 28, 2015, but Mr. Pindell declined the position because he was a welder not a pipefitter. According to Mr. May, there was no difference in pay between the two positions.

At the Expedited Hearing, Mr. Pindell requested the Court to order medical benefits for his work-related injuries. Upchurch Industrial asked the Court to deny the request for benefits as Mr. Pindell had failed to meet his burden of proving an injury arising primarily out of his employment on October 1, 2015.

**Findings of Fact and Conclusions of Law**

*General Legal Principles*

Mr. Pindell need not prove every element of his claim by a preponderance of the evidence in order to recover medical benefits at an Expedited Hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2015). This lesser evidentiary standard does not relieve Mr. Pindell of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an Expedited Hearing, but "allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

*Compensability*

The Court initially must determine whether Mr. Pindell has met his burden of proving he is likely to prevail at a hearing on the merits of his claim. To prove a compensable injury under the workers' compensation statutes, Mr. Pindell must show his injury was caused by an incident, or specific set of incidents, identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14)(A) (2015). In addition, his injury must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(14) (2015). "Arising primarily out of and in the course and scope of employment" requires a showing, to a reasonable degree of medical certainty, that the alleged work injury "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2015).

The issue under consideration is whether Mr. Pindell injured his back at work on October 1, 2015, as he claims. In analyzing whether he met his burden, the Court will not remedially or liberally construe the law in his favor, but instead shall construe the law fairly, impartially, and in accordance with basic principles of statutory construction favoring neither Mr. Pindell nor Upchurch Industrial. *See* Tenn. Code Ann. § 50-6-116 (2015). Here, Mr. Pindell testified he injured his back on October 1, 2015, but he did not

3

report this injury to anyone. He testified that within a few days following the incident, he reported a work injury to his project manager, Mr. Grissom. He further testified he told Mr. Jones and Mr. May about his work injury. However, all three testified that while Mr. Pindell mentioned having back pain, he never claimed it was due to a work injury. Moreover, his injury testimony is contradicted by the timesheet he signed on that day confirming he did not sustain an injury and the fact he continued working until October 19, 2015. Furthermore, the medical evidence submitted by Mr. Pindell does not show his injury was work-related. According to Upchurch Industrial, Mr. Pindell first advised he was claiming a work injury after they terminated his employment on October 29, 2015. It is also of interest to the Court that Mr. Pindell had a doctor's release to return to work on October 28, 2015, and he testified he asked Upchurch Industrial to allow him to return to work. At the time, his injury was seemingly a minor back injury. Now, a year later, he claims he has not been able to return to work and seeks ongoing medical treatment.

Based on the contradiction of Mr. Pindell's testimony by Mr. Grissom, Mr. Jones, and Mr. May, Mr. Pindell's signature on the timesheet agreeing he sustained no work injury, and the lack of corroborative expert medical testimony, the Court holds he is unlikely to prevail at a hearing on the merits on the issue of causation. Having determined this issue in favor of Upchurch Industrial, it is not necessary to address any other issues raised by the parties.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Pindell's claim against Upchurch Industrial for the requested medical benefits is denied at this time.

2. This matter is set for an Initial Hearing/Status Conference on January 17, 2017, at 1:30 p.m. Central time. This matter is transferred to Judge Robert Durham.

**ENTERED this the 12th day of October, 2016.**

**Judge Jim Umsted**
**Court of Workers' Compensation Claims**

Status Conference:

A Status Conference has been set with **Judge Robert Durham, Court of Workers' Compensation Claims. You must call 615-253-9550 or toll-free at 855-689-9049 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to**

4

**participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired

in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

Exhibits:
1. Affidavit of Russell Pindell;
2. Mr. Pindell's Timesheet, dated October 1, 2015;
3. Work Status report from Wesley Neurology Clinic, dated October 20, 2015;
4. Collective Exhibit of Wesley Neurology Clinic medical records, dated October 20, 2015, and November 2, 2015;
5. Correspondence sent to Upchurch Industrial's human resources department on November 30, 2015, by Mr. Pindell's attorney;
6. Form C-20 Employer's First Report of Work Injury or Illness;
7. Form C-41 Wage Statement; and
8. Mr. Pindell's Separation Notice, dated October 29, 2015.

Technical Record:[5]
1. Petition for Benefit Determination;
2. Dispute Certification Notice;
3. Request for Initial Hearing;
4. Order on Request for Initial Hearing;
5. Request for Expedited Hearing;
6. Upchurch Industrial's Pre-Expedited Hearing Statement; and
7. Mr. Pindell's Pre-Expedited Hearing Statement.

---

[5] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the ___12th___ day of October, 2016.

| Name | Certified Mail | Via Fax | Via Email | Email Address |
|------|----------------|---------|-----------|---------------|
| Miranda Rhoads, Employee's Attorney | | | X | mrhoads@forthepeople.com<br>lhaygood@forthepeople.com |
| Chad Jackson, Employer's Attorney | | | X | cjackson@morganakins.com |

Penny Shrum, Clerk
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

8